## Commonwealth of Massachusetts
### SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

### SUCV2003-03386
### Cerra v American Air Lines et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 07/16/2003 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 10/05/2004 | Session | H - Civil H | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 12/14/2004 | Answer | 02/13/2004 | Rule12/19/20 | 02/13/2004 |
| Rule 15 | 02/13/2004 | Discovery | 07/11/2004 | Rule 56 | 08/10/2004 |
| Final PTC | 09/10/2004 | Disposition | 11/08/2004 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Doreen Cerra
Active 07/16/2003

**Private Counsel 634810**
James R Tewhey
230 Broadway
Lynnfield, MA 01940
Phone: 781-477-0489
Fax:
Active 10/14/2003 Notify

**Defendant**
American Air Lines
Answered: 01/21/2004
Answered 01/21/2004

**Private Counsel 169700**
Michael A Fitzhugh
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 12/26/2003 Notify

**Private Counsel 630160**
Amy C Mariani
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 12/26/2003 Notify

**Defendant**
Sharon Douglas
(as amended)
Answered: 02/20/2004
Answered 02/20/2004

**Private Counsel 169700**
Michael A Fitzhugh
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 12/26/2003 Notify

MAS-20030912                                                                                        10/05/2004
leakes                          **Commonwealth of Massachusetts**                                    02:46 PM
                                    SUFFOLK SUPERIOR COURT
                                           Case Summary
                                            Civil Docket

# SUCV2003-03386
## Cerra v American Air Lines et al

| | |
|---|---|
| | Private Counsel 630160<br>Amy C Mariani<br>Fitzhugh Parker & Alvaro<br>155 Federal Street<br>Suite 1700<br>Boston, MA 02110-1727<br>Phone: 617-695-2330<br>Fax: 617-695-2335<br>Active 12/26/2003 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/16/2003 | 1.0 | Complaint & Jury demand |
| 07/16/2003 | | Origin 1, Type B22, Track F. |
| 07/16/2003 | 2.0 | Civil action cover sheet filed |
| 10/10/2003 | 3.0 | Amended complaint & Jury claim |
| 10/10/2003 | 4.0 | Motion of plff to extend time for service of process on defts for an additional sixty (60) days (w/o opposition) |
| 10/21/2003 | | MOTION (P#3) ALLOWED (Bonnie H MacLeod, Justice) (Dated 10/15/03) Notices mailed October 16, 2003 |
| 12/23/2003 | 5.0 | Motion of defts to enlarge time to respond to complaint to & incl Jan l9, 2004 & assented to (w/o opposition) |
| 01/02/2004 | | MOTION (P#5) Allowed (MacLeod,J) Notice sent 12/30/03 (entered 12/30/03) |
| 01/02/2004 | 6.0 | Request to change data base information (MacLeod,J) Notice Sent 12/30/03 (entered 12/30/03) Answer 11/19/04 |
| 01/21/2004 | 7.0 | Deft Sharon Douglas Motion to dismiss (w/o opposition) |
| 02/02/2004 | | MOTION (P#7) DENIED w/o opposition for failureto compel with Rule 9 (Bonnie H MacLeod, Justice) Notices mailed January 28, 2004 (entered 1/26/04) |
| 02/02/2004 | 8.0 | ANSWER: American Air Lines(Defendant) (jury reqstd) to amended complaint |
| 02/20/2004 | 9.0 | Defendant Sharon Douglas's MOTION to Dismiss (MRCP 12b) Complaint of Doreen Cerra |
| 02/20/2004 | 10.0 | Motion of plaintiff in opposition to the defendant Sharon Douglas' Motin to Dismiss |
| 09/17/2004 | | MOTION (P#7) After hearing at which counsel for the deft was present but not counsel for the plff & based on my review or the MCAD charge & the authorization cited by the def the motion to dismiss Sharon Douglas on a deft in this case is ALLOWED (Margot Botsford, Justice). Notices mailed September 16, 2004 (Entered 9/15/04) |
| 10/05/2004 | | Certfied copy of Petition for removal to US Dist Court of deft American Airlines, Inc (US Dist#0412095 RGS) |
| 10/05/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 08/03/2004 | Civil H | Motion/Hearing: Rule12 to Dismiss p#9 | Event not reached by Court |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2003-03386
### Cerra v American Air Lines et al

| Date | Session | Event | Result |
|---|---|---|---|
| 09/15/2004 | Civil H | Motion/Hearing: Rule12 to Dismiss<br>PLEASE TAKE NOTICE OF TIME AND DATE | Event held as scheduled |

I HEREBY ATTEST AND CERTIFY ON
Oct. 6, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
Asst. Clerk.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                    SUPERIOR COURT
                                                               C.A.#
                                                                    03-3386 H

                                                               DOCKET NO.

DORCEEN CERRA

         Plaintiff

v.

AMERICAN AIR LINES


         Defendant


COMPLAINT AND JURY CLAIM

I.  PARTIES

  1.  Doreen Cerra ("Cerra") resides at 6156 Newport Village Way, Lakeworth, Florida.

  2.  American Airlines is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a usual place of business located at Logan International Airport, Terminal B, East Boston, MA.

II. FACTS

  3.  Cerra was born on August 7, 1956.

  4.  Cerra was first employed by American on or about April 20, 1974.

  5.  On or about April 20, 1976, Cerra was promoted to the position of Reservation Agent for American

  6.  Sometime in 1978, Cerra became a ticketing agent for American.

  7.  In all of these positions, Cerra performed her responsibilities in a professional and competent manner.

  8.  On or about July 18, 1996, Cerra injured her lower back while lifting luggage at her place of employment and was out of work for several weeks.

9.  In September of 1996, Cerra returned to work at American.

10. In October of 1997, Cerra was assigned to a position in accounting because of continuing problems with her back.

11. Cerra's medical condition became such that she was forced out of work and applied for workers compensation benefits in Massachusetts on or about July 1997.

12. During this period of time, Cerra became depressed about her medical condition and her inability to work and her application for workers compensation benefits included a psychological disability benefit.

13. Cerra was granted workers' compensation benefits on or about May 29, 1998.

14. These benefits continued through March of 1999, when Cerra and American agreed to a lump sum settlement. Thereinafter, Cerra was placed on a medical leave by American.

15. Cerra is handicapped for the purposes of G.L. c. 151b in accordance with G.L. c. 152 §75B.

16. On or about July 25, 2001, Cerra received clearance to return to work by her treating physician.

17. On or about that same date, Cerra's treating physician notified American that Cerra was cleared to work without restrictions. (See Attachment 1.)

18. To date, American has refused to rehire Cerra nor have they responded to any of her requests to return to work.

COUNT I
(Handicap Discrimination)

19. Cerra reiterates the allegations contained in paragraphs 1 through 18.

20. Cerra believes, and therefore avers, that American has refused to return her to work not for any legitimate business reason but because of a perceived handicap.

WHEREFORE, Cerra demands judgment as follows

A. That Cerra be reinstated to her former position with the Respondent and that she be awarded full back pay.

B.  That damages be assessed against the Respondent for emotional stress suffered as a result of the wrongful refusal to return her to employment.

C.  That the Respondent be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with G.L. c. 151(B).

COUNT II<br>(Age Discrimination)

21. Cerra reiterates the allegations contained in paragraphs 1 through 20 of the Complaint.

22. Cerra believes and therefore avers that an individual younger than herself has replaced her.

23. Cerra believes and therefore avers that the refusal to reinstate her has not been made for any legitimate reason but because of her age.

WHEREFORE, Cerra demands judgment as follows

A.  That Cerra be reinstated to her former position with the Respondent and that he be awarded full back pay.

B.  That damages be assessed against the Respondent for emotional stress suffered as a result of the wrongful refusal to return her to employment.

C.  That the Respondent be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with M.G.L. 151(B).

**JURY DEMAND**

The Plaintiff demands trial by jury on all issues so triable

I HEREBY ATTEST AND CERTIFY ON Oct. 6, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By _____
Asst. Clerk.

The Plaintiff
By their attorney

James R. Tewhey (DS)
James R. Tewhey
BBO# 634810
230 Broadway, Suite 104

```
                                        Lynnfield, MA  01940
                                        781-477-0489
```

Date:

# Womesh C. Sahadeo, M.D., P.A.



PALM BEACH PSYCHIATRIC AND ADDICTION CENTER
5651 CORPORATE WAY • SUITE #4
WEST PALM BEACH, FL 33407
561-640-0200 • FAX 561-640-8193

July 25, 2001

American Airlines
ATTN: Medical Department

To Whom It May Concern:

    This letter is to certify that Doreen Cerra has been under my care since January 7, 2000. Doreen presented very depressed and had difficulty concentrating. She was not functioning. Doreen's present medications are: Effexor 100mg twice per day, Celexa 60 mg per day, Restoril 15 mg at bedtime, and Xanax 1mg every 4 hours as needed.

    Doreen has responded very well to her current medications. Her prognosis is good. She is currently functioning at full capacity and may return to work with no restrictions regarding her Psychiatric abilities.

    If you have any further questions regarding this information please feel free to contact me at the above phone or address.

Sincerely,

Womesh C. Sahadeo, M.D.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-3386 H | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Doreen Cerra | American Air Lines |

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
James R. Tewhey
230 Broadway, Suite 104  Lynnfield MA  01940
Board of Bar Overseers number: 634810

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B-22 | EMPLOYMENT | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................. $ ..........
   2. Total Doctor expenses .............................................. $ ..........
   3. Total chiropractic expenses ......................................... $ ..........
   4. Total physical therapy expenses .................................... $ ..........
   5. Total other expenses (describe) ..................................... $ ..........
      Subtotal $ ..........
B. Documented lost wages and compensation to date ........................ $ 120,000.00
C. Documented property damages to date .................................. $ ..........
D. Reasonably anticipated future medical and hospital expenses ........... $ ..........
E. Reasonably anticipated lost wages .................................... $ ..........
F. Other documented items of damages (describe)                             $ ..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

TOTAL $ 120,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _James R. Tewhey_ DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
Oct. 6, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk.