UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOREEN CERRA,            ) | |
|         ) | |
|    Plaintiff,              ) | |
|         ) | |
| v.                       ) | Civil Action No. 04-12095 RGS |
|         ) | |
| AMERICAN AIRLINES, INC.  ) | |
|         ) | |
|    Defendant             ) | |

## LOCAL RULE 16.1D JOINT STATEMENT

**I    STATEMENT OF THE PARTIES**

a.    Plaintiff

Doreen Cerra (hereinafter "Cerra") was born on August 7, 1956. Cerra was first employed by American Air Lines (hereinafter the "Company") on or about April 20, 1974. Cerra held several positions within the Company, her last being as a ticketing agent.

On or about July 19, 1996, Cerra suffered an on the job injury to her back and was out of work for several weeks. Upon her return to work, Cerra continued to suffer problems with her back and as a result was transferred to the Accounting Department within the Company. In July of 1997, her medical condition deteriorated to the point where she applied for and received Worker's Compensation Benefits in accordance with M.G.L. c.152 §§34 & 35 et al. These benefits continued through March of 1999 when the Company and Cerra agreed to a lump sum settlement. At the time of the lump sum settlement, the Company assumed liability for the injuries suffered by Cerra. In

accordance with M.G.L. 152 §75B, Cerra is a handicapped person for the purposes of 151B and is to be given preference for rehiring by the Company.

On or about July 21, 2001, Cerra's treating physician cleared her to return to work and so notified the Company. To date, American has refused to rehire Cerra.

b.  Defendants

Plaintiff Doreen Cerra began a medical leave of absence from her position as a customer service representative at American in Boston at the beginning of 1997. She had been on light duty from September of 1996 due to an injury suffered in July of 1996. She remained on leave of absence until May of 2002 when she was released from service in accordance with American's policies. Under those policies, American will hold open an employee's position for five years if the employee takes a leave of absence for medical reasons. American reached a lump sum settlement agreement with Ms. Cerra with regard to her worker's compensation claim.

During her leave of absence, Ms. Cerra's physical condition improved sufficiently to allow her to return to work. However, she developed depression unrelated to her injury, which precluded her from returning to American. Ultimately, in 2001, her personal physician cleared her to return to work without restrictions from either her physical condition or from the depression.

In May of 2001, Ms. Cerra expressed interest in taking a new position with American in Florida, where she had moved in August of 1997. She was not interested in returning to her position as a customer service representative in Boston, which was being held for her pursuant to American's policies. American informed Ms. Cerra that she could return to work at her position in Boston any time until her leave of absence time

ended, but that it could not reassign her to a new position in Florida. Ms. Cerra remained uninterested in returning to work in Boston; therefore, when her leave of absence ended in May of 2002, she was notified that her employment with American had ended pursuant to company policy.

**II.    Joint Discovery Plan**

The parties agree that

   (i)    all written discovery shall be served on or before June 1, 2005.

   (ii)   The plaintiff proposes that depositions of all witnesses be completed by September 30, 2005. The defendant proposes that the depositions of all fact witnesses be completed by September 30, 2005.

   (iii)  The defendant proposes that the plaintiff provide expert disclosures to the defendant on or by September 1, 2005, and the defendant provide expert disclosures to the plaintiff on or by November 1, 2005.

   (iv)   The defendant proposes that all expert depositions will be completed on or by January 1, 2006.

   (v)    Discovery will be limited in accordance with LR 25.1(c), but either party may request additional discovery in accordance with LR 26.2(B).

**III     Motion Schedule**

All Motions for Joinder and Amendment will be filed by April 30, 2005.

The plaintiff proposes that all dispositive motions under Rule 56 shall be filed by November 30, 2005, with oppositions due on or by December 21, 2005.  The defendant proposes that all dispositive motions under Rule 56 shall be filed byFebruary 1, 2006, with oppositions due on or by February 22, 2006.

**IV     Trial by Magistrate Judge**

The Parties do not consent to a trial by a magistrate judge.

**V     Phased Discovery**

The Parties have determined that conducting phased discovery relative to the issues of liability and damages in this matter would neither be beneficial nor desirable. The defendant proposes, however, that phased fact and expert discovery would be both beneficial and desirable.

AMERICAN AIRLINES, INC.
By its attorneys,

_____
James R. Tewhey
BBO # 634810
19 North Street
Salem, MA 01970
(978) 741-2255

/s/ Amy Cashore Mariani_____
Michael A. Fitzhugh
BBO # 169700
Amy Cashore Mariani
BBO # 630160
FITZHUGH, PARKER & ALVARO LLP
155 Federal Street
Boston, MA 02110
617-695-2330

**CERTIFICATE OF SERVICE**

      I hereby certify that I filed the above document using the Court's Case Management/Electronic Case Filing system and have served the above document upon all counsel of record pursuant to the ***Administrative Procedures Governing the Filing and Service by Electronic Means*** on March 2, 2005.

                                            /s/ Adam J. Foss
                                            **Adam J. Foss**