UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No, 04-12095 RGS

| | |
|---|---|
| DOREEN CERRA, )<br>)<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>AMERICAN AIRLINES, INC. )<br>)<br>    Defendant ) | **PLAINTIFF'S STATEMENT<br>OF UNDISPUTED FACTS** |

1. Admit.

2. Admit.

3. Admit. Doreen Cerra ("Cerra") was determined to have suffered a injury compensable under the Massachusetts Workers Compensation Statute. (See Exhibit 8. Lump Sum Agreement) Therefore, for the purposes of M.G.L. 151B, Cerra is a handicapped person. (See G.L. c. 152 §75B, attached as Exhibit 7.)

4. Admit that an employee could take up to five (5) years of leave for an injury suffered on the job. However, the section of the American Airlines Employee Handbook cited to by the Defendant does not speak to an administrative termination. (See Exhibit 6, AA Handbook § 5-11.)

5. Admit.

6. Admit.

7. Admit.

8. Denied.  American Airlines (Hereinafter "AA") contact Cerra's psychiatrist and requested a letter clearing her for her return to work and said letter was issued on or about July 25, 2001. (See Exhibit 1; Exhibit 2, Deposition of Doreen Cerra Vol. II, pp. 181-183.)

9. Admit.

10. Admit.

11. Denied. Andrea. Valle ("Valle") was never employed by AA Medical. I(See Exhibit 3, Deposition of Andrea Valle pp. 1-10.) Valle testified that she did not know why Cerra had not been cleared to return to work. (*Id* at pp. 15-20.) AA, in a position statement filed with the Massachusetts Commission Against Discrimination, stated that Cerra was not allowed to return to work because the medications she was prescribed made it impossible for Cerra to undertake certain essential functions of her job. Specifically, AA stated that give the medications Cerra was taking, it would have posed a safety hazard for Cerra to operate a Jet bridge and the operation of the jet bridge was an essential function of the job. (See Exhibit 4, p. 3.) However, the operation of a jet bridge was not an essential function of Cerra's job and, indeed, Cerra could have returned to her job and never have operated a jet bridge. (See Exhibit 3, Deposition of Andrea. Valle pp. 28-34; 36-37; 40; 42-43; 45-46.)

12. Denied. (See Exhibit 3, p. 20.)

13. Denied. Cerra knew that her leave of absence could not exceed five (5) years. (Exhibit 2, Cerra Deposition, Vol II pp. 158-160.)

14. Admit. However, Cerra took all of the necessary steps in order to be cleared to return to work. (See Exhibit 2, pp. 161-63; Exhibit 1; Exhibit 4 Letter from Cerra's Orthopeddist.)) Moreover, in order to be able to challenge a AA Medical Department Decision, an employee need to receive a letter or form from AA Medical telling the employee why he/she was not being allowed back to work. Cerra never received said notification. (See Exhibit 2, pp. 162-63; See also Exhibit 5, *AA Medical Service Functions*. P. 5.

15. Deny.    Cerra took all of the necessary steps in order to be cleared to return to work. (See Exhibit 2, pp. 161-63; Exhibit 1; Exhibit 4 and Exhibit 8.) Moreover, in order to be able to challenge a AA Medical Department Decision, an employee need to receive a letter or form from AA Medical telling the employee why he/she was not being allowed back to work. Cerra never received said notification. (See Exhibit 2, pp. 162-63; See also Exhibit 5, AA Medical Services Functions P. 5

16. Denied. Cerra was never informed by AA Medical as to why her request to return to work had not been processed. (See Exhibit 2, pp. 162-63; See also Exhibit 5, *AA Medical Service Functions*. P. 5. Further, Cerra had been cleared to return to work without restrictions. (See Exhibits 1 & 4.)

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Denied. See Exhibit 2, Depo of Cerra, Vol II pp. 171-72; 216-17.

24. Deny. See Exhibit 2, Depo of Cerra, Vol II pp. 171-72; 216-17

25. Deny. AA in a position statement filed with the Massachusetts Commission Against Discrimination stated that Cerra was not allowed to return to work because the medications she was prescribed made it impossible for Cerra to undertake certain essential functions of her job. Specifically, AA stated that give the medications Cerra was taking, it would have posed a safety hazard for Cerra to operate a Jet bridge and the operation of the jet bridge was an essential function of the job. (See Exhibit 4, p. 3.) However, the operation of a jet bridge was not an essential function of Cerra's job and, indeed, Cerra could have returned to her job and never have operated a jet bridge and similarly situated individuals were employed as passenger service agents who could not operate a jet bridge. (See Exhibit 3, Deposition of Andrea. Valle pp. 28-34; 36-37; 40; 42-43; 45-46.)

26. Deny. It was AA policy to endeavor to locate another job for an employee who could not return to her regular position after an injury. (See Exhibit 3, p. 47; and Exhibit 6.)

27. Admit.

28. Deny.

Doreen Cerra
By her attorney

*James R. Tewhey*
James R. Tewhey
BBO# 634810
19 North Street
Salem, MA 01940
978-741-2255

Date: March 13, 2006

## CERTIFICATE OF SERVICE

I, James R. Tewhey, attorney for the plaintiff hereby certify that a copy of the attached document was delivered by first class mail, postage prepaid, on March 13, 2006 to all attorney/s of record.

*James R. Tewhey*
James R. Tewhey

**EXHIBIT 1**