UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DOREEN CERRA,                       )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )
                                    )   CIVIL ACTION NO.: 04-12095 RGS
AMERICAN AIRLINES, INC.,            )
                                    )
    Defendant.                      )
_____)

**AMERICAN AIRLINES, INC.'S TRIAL MEMORANDUM**

The defendant, American Airlines, Inc., ("American") submits its trial memorandum pursuant to the Court's Procedural Order dated December 1, 2006.

**I.   STATEMENT OF PENDING PRE-TRIAL MOTIONS**

The defendant American Airlines, Inc., ("American") intends to file the following pre-trial motions:

    A.   Motion in Limine To Prohibit Testimony Regarding Other Employees; and
    B.   Motion in Limine to Prohibit Testimony of Any Alleged Failure to Accommodate Plaintiff's Condition.

**II.  STATEMENT OF THE CASE AND ISSUES TO BE TRIED**

1.   <u>Concise Summary of the Evidence to be Offered by American</u>

Plaintiff Doreen Cerra ("Cerra") is a former passenger service agent at American Airlines, Inc., ("American") whose employment with American ended when she failed to return to work from an injury on duty leave of absence within the period specified by American's medical leave of absence policy. Cerra suffered a back injury in July of 1996. Thereafter, she took a leave of absence from her position with American from July

1996 until September 1996. Cerra began a second leave of absence in July 1997.

Pursuant to American's medical leave of absence policy in effect at all relevant times, American employees on medical leave of absence could take up to five years for rehabilitation and recovery. If within that five year period, the employee secures medical clearance to return to work, they will be reinstated into the same or similar position at their former worksite. Alternatively, if at the end of five years, the employee has not secured medical clearance to return to work with or without a reasonable accommodation, the employee is deemed to have abandoned their employment and is administratively terminated.

During the course of her second leave of absence, Cerra began seeing Dr. Sahadeo, a psychiatrist who prescribed medication for depression. After her second leave of absence began, Cerra relocated to Florida. In or about February 2001, Cerra received clearance from her orthopedist to return to work with no restrictions. At all relevant times, American's medical department ("AA Medical") was responsible for reviewing clearances, restrictions, and other medical records received from employees' treating physicians, and for clearing employees on leave of absence for return to work After AA Medical received Cerra's return to work authorization from her orthopedist, it notified Cerra that she would also need clearance to return to work from her treating psychiatrist. Approximately six months later, Dr. Sahadeo provided a letter stating that Cerra was cleared to return to work without restrictions. Dr. Sahadeo's letter also disclosed certain prescription medications for depression that Cerra was taking.

On or about September 5, 2001, Cerra contacted Andrea Valle, an American Customer Service Manager, to determine her return to work status. At that time, Ms. Valle informed Cerra it was her understanding that Cerra had not been cleared to return to work by AA Medical because of certain medications (unknown to Valle) that Cerra was taking. Despite Cerra's knowledge that AA Medical had not cleared her to return to work, she did not contact AA Medical to determine which combination of medications precluded her clearance. Had she pursued this line of inquiry, she may have been able to discuss alternate medications with Dr. Sahadeo or she could have requested that American place her in an alternate position where her medications would not pose a safety issue. Instead, Cerra took no action and allowed the five-year period allowable for medical leaves of absence to expire without securing clearance to return to work from AA Medical and without appealing its decision to deny her clearance. At the expiration of the time period, American sent correspondence to Cerra informing her that she had been administratively terminated. Upon receipt of this notice, Cerra filed the instant action alleging that American's termination of her employment constitutes disability discrimination in violation of G.L. c. 151B.

American expects the evidence to show that it terminated Cerra's employment pursuant to its Medical Leave of Absence Policy and that it actions do not demonstrate any discriminatory animus toward Cerra. Additionally, upon learning that she was denied clearance to return to work, Cerra failed to request an accommodation and inquire of AA Medical whether any kind of an accommodation could be undertaken to enable her to return to work within the prescribed time period. The evidence will show that Cerra

made no effort to contact AA Medical or anyone at American after September 5, 2001, the date she learned that she had been denied clearance.

AA Medical denied Cerra clearance to return to work because the prescription medications she was taking could impair her ability to safely perform the essential functions of a passenger service agent. The essential functions of the position involve a variety of tasks which if undertaken while on Cerra's combination of prescription medications, could put Cerra's safety and that of American's passengers at risk. The evidence will clearly show that while on the medications prescribed by her psychiatrist, Cerra could not perform the essential functions of her position as passenger service agent.

Moreover, the evidence will also show that at the time Cerra's medical leave of absence ended, she had relocated to Florida. Under American's policy, Cerra would have been reinstated into a position at Logan International Airport in Boston, Massachusetts, the location she worked prior to her leave of absence. Cerra made no effort to move back to Boston prior to the end of her leave. American's efforts to reinstate her into a position in the same location would have been frustrated because she had relocated to another state. The evidence will show that even if Cerra had secured clearance to return to work, she was not able to resume work in Boston. Further, her failure to relocate to Boston during the pendency of her leave indicates that she was unwilling to return to Boston and to her employment with American at Logan Airport.

2. Contested Issues of Fact

American's Statement of Contested Issues of Fact

1. Whether Cerra attempted to secure clearance to return to work from AA Medical;

    2. Whether Cerra's medications precluded her from performing the essential functions of a passenger service agent;

    3. Whether Cerra asked American to provide her with a reasonable accommodation; and

    4. Whether, at the time her medical leave of absence ended, Cerra was ready, willing and able to resume employment with American in Boston.

3.     <u>Jurisdictional Questions</u>

None.

4.     <u>Issues of Law</u>

<u>G.L. c. 151B, § 4(16) – Disability Discrimination</u>

The Massachusetts anti-discrimination statute, G.L. c. 151B, § 1 et seq., declares certain employment related activities unlawful, including the termination of an employee because of their disability. The statute defines a handicap as: "(a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment, …" G.L. c. 151B, § 1(17). To succeed on her claim of disability discrimination, Cerra must establish a prima facie case of disability discrimination and must establish the following elements: 1) she was handicapped as that term is defined in the statute; 2) she was qualified to perform the essential functions of her job with or without reasonable accommodation; 3) she was terminated or otherwise subject to an adverse employment action by her employer; and 4) the position she had occupied remained open and the employer sought to fill it. *Dartt v. Browing-Ferris Industries, Inc.,* 427 Mass. 1, 3 (1993). Cerra cannot establish a prima facie case of disability discrimination because at the time

5

she sought medical clearance, she could not perform the essential functions of the position of passenger service agent because of the medications she was taking with a reasonable accommodation. Cerra failed to request that American accommodate her disability. Additionally, if Cerra had requested that American accommodate her by allowing her to perform the job of passenger service agent and forego the essential functions inherent in that position, American would have no obligation to honor that requested accommodation. It is well settled that an employer need not accommodate a disability by foregoing an essential function of the employment position. *Laurin v. Providence Hospital*, 150 F.3d 52, 56 (1st Cir.1998). American would be under an obligation to engage in an interactive effort to fashion an accommodation for Cerra, but she did not provide American with that opportunity because she never requested an accommodation.

### III.   DEPOSITION TESTIMONY TO BE OFFERED BY DEFENDANT

1. Deposition of Sharon Douglas

    p. 4   lines 14 - 16;

    p. 5   lines 2 - 4;

    p. 5   line 8 – p. 10 line 5;

    p.13   line 14 – p.16 line 8;

    p. 17   line 17 – p. 19 line 1;

    p. 32   line 21 – p. 33 line 12;

    p. 37   line 23 – p. 38 line 6;

    p. 59   line 21 – p. 62 line 3; and

    p. 73   lines 9 – 13.

2.   Deposition of James Yiannou, M.D.

Defendant will provide a listing of the deposition testimony it intends to offer as soon as possible prior to trial. Dr. Yiannou will not be available to attend trial; American had scheduled his trial deposition to be taken on August 20, 2007. Due to plaintiff's counsel's schedule, that deposition had to be rescheduled to Tuesday, August 28, 2007.

          **AMERICAN AIRLINES, INC.**
          By its Attorneys,


          /s/ Amy Cashore Mariani
          Amy Cashore Mariani, (BBO 630160)
          **FITZHUGH & MARIANI LLP**
          155 Federal Street, Suite 1700
          Boston, MA 02110-1727
          (617) 695-2330


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 28, 2007.

          /s/ Amy Cashore Mariani
          Amy Cashore Mariani