UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                             )
DOREEN CERRA,                )
                             )
    Plaintiff,               )
                             )
    v.                       )    Civil Action No. 04-12095 RGS
                             )
AMERICAN AIRLINES, INC.,     )
                             )
    Defendant.               )
_____)

### DEFENDANT AMERICAN AIRLINES, INC.'S MOTION IN LIMINE TO PROHIBIT TESTIMONY OF ANY ALLEGED FAILURE TO ACCOMMODATE PLAINTIFF'S CONDITION.

The Defendant, American Airlines, Inc. ("American"), moves the Court *in limine* to preclude the Plaintiff, Doreen Cerra ("Ms. Cerra"), from introducing at trial any evidence of American's failure to accommodate her because she never alleged, either in her Complaint or through discovery, that she requested an accommodation nor that American failed to accommodate her.

### BASIC FACTS

Ms. Cerra is a former passenger service agent at American whose employment with American ended in 2002 when she did not return to work from an injury on duty leave of absence within the five year period specified by American's company policy. Ms. Cerra suffered a back injury while working in July 1996 and took a brief leave of absence from her position in July 1996. She began a second leave of absence in May 1997. Pursuant to American's policies in effect at all relevant times, American employees on leave of absence for medical reasons can take up to five years for rehabilitation and recovery. At the end of that five year period, if the employee still had

not received medical clearance to return to work, the employee is administratively terminated.  Ms. Cerra failed to return to work within the five year period.

In 1997, during the course of her second leave of absence, Ms. Cerra began seeing a psychiatrist who prescribed medication for depression.  In or about February 2001, Ms. Cerra received clearance from her orthopedist to return to work with no restrictions.  At all relevant times, American's medical department ("AA Medical") was responsible for reviewing clearances, restrictions, and other medical records received from employees' treating physicians, and for clearing employees on leave of absence to return to work.  After AA Medical received Ms. Cerra's return to work authorization from her orthopedist, it notified her that she would need clearance to return to work from her treating psychiatrist as well.  Approximately six months later, Ms. Cerra's psychiatrist provided a letter stating that she was cleared to return to work without restrictions, but also disclosing certain prescription medications that Ms. Cerra was taking.  Because of the prescription medication she was taking, AA Medical cleared Ms. Cerra to return to work only on a restricted basis.  In particular, AA Medical was concerned that the medication Ms. Cerra was taking would prevent her from operating or working around machinery (including the jetbridge and baggage belts) safely, thereby implicating two of the essential functions of a passenger service agent.

Ms. Cerra testified that she knew that her employment would end after her leave of absence reached five years, and that there was an appeals process in place by which she could challenge AA Medical's decision.  Despite her knowledge, Ms. Cerra elected not to pursue the appeals process because, in her words, she "did not receive a communication in writing from AA Medical."  In addition to deciding not to appeal the

decision of AA Medical, Ms. Cerra also did not request that AA make any accommodations that would allow her to return to work.

Specifically, Ms. Cerra alleges in the complaint that American refused to reinstate her and failed to respond to her requests to return to work. She further alleges that American's conduct bore no relation to any legitimate business reason, but instead, was designed to discriminate against her based on her disability, her age, or both.[1] Accordingly, Ms. Cerra has never alleged that American failed to make reasonable accommodations for her condition. (See Amended Complaint, attached hereto as Exhibit A).

## ARGUMENT

It has long been established that the tenor of the Rules of Civil Procedure, as they pertain to pleadings, is one of liberality. *See e.g. Minger v. Green*, 239 F.3d 793, 799 (6th Cir.2001); *Phillips v. Girdich*, 408 F.3d 124, 128 (2d. Cir.2005). Nevertheless, the defendant has a right to know, in advance, the nature of the claims asserted against it. *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1171 (1st Cir.1995). To date, the Complaint contains no allegation about any failure by American to accommodate Ms. Cerra, the pleadings and discovery documents are devoid of any allegation that American failed to accommodate her.

WHEREFORE, American respectfully requests that Ms. Cerra be precluded from offering any testimony relating to a claim that American failed to accommodate her alleged disability.

---

[1] This Court dismissed Ms. Cerra's age discrimination claim at summary judgment.

3

Respectfully submitted,
**AMERICAN AIRLINES, INC.,**

By its attorneys,


*/s/ Amy Cashore Mariani*_____
Amy Cashore Mariani, BBO #630160
Michael A. Fitzhugh, Esq., BBO#169700
**FITZHUGH & MARIANI LLP**
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330


**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 28, 2007.


*/s/ Amy Cashore Mariani*__
Amy Cashore Mariani