UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
                                          )
DOREEN CERRA,                             )
                                          )
         Plaintiff,                       )
                                          )
         v.                               )
                                          )        CIVIL ACTION NO.: 04-12095 RGS
AMERICAN AIRLINES, INC.,                  )
                                          )
         Defendant.                       )
———————————————————————)

## AMERICAN AIRLINES, INC.'S, REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed.R.Civ.P. 51(a), American Airlines, Inc., (hereinafter "American") requests that the Court instruct the jury on the law in accordance with the proposed jury instructions attached hereto.

AMERICAN AIRLINES, INC.
By its Attorneys,


/s/ Amy Cashore Mariani
Amy Cashore Mariani, (BBO 630160)
**FITZHUGH & MARIANI LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 28, 2007.


/s/ Amy Cashore Mariani
Amy Cashore Mariani

**JURY INSTRUCTION NO. 1**

<u>Role of Jury</u>

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the plaintiff and American.  You are to perform this duty without bias or prejudice to either party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or by public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.[1]

---

[1] *See* Devitt and Blackmar, Federal Jury Practice and Instructions, § 71.14 (3d ed. 1977)

**JURY INSTRUCTION NO. 2**

<u>Sympathy, Emotion Irrelevant</u>

Sympathy and emotion should play no part in your deliberations. You may not decide this case on the basis that you may feel sorry for the plaintiff. Rather, your deliberations should be well-reasoned, impartial and unemotional. You must not allow any sympathy you may have for either party to influence you in any degree whatsoever in deciding whether the plaintiff has sustained her burden of proof, or in assessing any damages. You must decide this case by applying the principles of law, which this Court defines for you, to the facts of this particular case as you objectively find them to be.[2]

---

[2] 2 Devitt and Blackmar, *Federal Jury Practice and Instructions,* § 71.02 (3d ed. 1977)

**JURY INSTRUCTION NO. 3**

<u>Parties Should Be Treated as Equals</u>

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons -- including corporations -- stand equal before the law and are to be treated as equals in a court of justice. Corporations like the defendant are entitled to the same fair trial at your hands as a private individual.

You may not consider the relative financial status of either party in reaching your verdict. This case is to be considered and determined by you in the same unbiased way you would consider and determine a case between private individuals.[3]

---

[3] 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 71.05 (3d ed. 1977)

**JURY INSTRUCTION NO. 4**

<u>Statements of Counsel</u>

You are not to be concerned with statements made by counsel during the course of the trial. These comments are not evidence, unless adopted by a witness on direct or cross-examination. You are not to be concerned with objections made by counsel during the examination of witnesses, the reading of deposition transcripts, or the introduction of documents. Counsel are obligated to make these objections and you are not to consider them in reaching your verdict. You must also disregard any evidence which this Court has ordered to be stricken from the record.

## JURY INSTRUCTION NO. 5

<u>Burden of Proof is on the Plaintiff</u>

The burden is on the plaintiff to prove every essential element of her claim by a fair preponderance of the evidence.  The burden is not on American to disprove the plaintiff's claim.[4]

If the plaintiff has failed to establish any essential element of her claim by a fair preponderance of the evidence, your verdict must be in favor of American.

---

[4] *See Dartt v. Browning-Ferris Industries, Inc.,* 427 Mass. 1, 12, 691 N.E.2d 526, 533 (1998) (quoting *Blare v. Husky Injection Molding Sys. Boston, Inc.,* 419 Mass. 437, 445 (1995))

## JURY INSTRUCTION NO. 6

<u>Preponderance of the Evidence, Defined</u>

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not.  In other words, a preponderance means that the evidence, when considered and compared with that evidence opposed to it, has more convincing force and produces in your minds the belief that what is sought to be proved is more likely true than not true.

In determining whether a fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

The law requires that, in order for the plaintiff to prevail, the evidence that supports her claim must appeal to you as more nearly representing what took place than the evidence opposed to her claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of American.  It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you may find in favor of the plaintiff.[5]

---

[5] *See* Devitt and Blackmar, *Federal Jury Practice and Instructions,* § 71.14

**JURY INSTRUCTION NO. 7**

<u>Credibility of Witnesses</u>

Much of the evidence in this case came from the testimony of witnesses.  You, as jurors, must decide whether the witnesses who testified were credible; in other words, you must decide which, if any, witnesses you believe and which, if any, you do not believe.  In deciding whether a witness is credible – or believable – you may take into account whether there are any conflicts or discrepancies between the testimony that witness offered in court and any statements he or she may have made at some earlier time, before trial.

## JURY INSTRUCTION NO. 8

### Disability Discrimination Prohibited

It shall be an unlawful practice:  [f]or any employer, personally or through an agent, to dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship to the employer's business. …[6]

---

[6] G.L. c. 151B § 4(16)

## JURY INSTRUCTION NO. 9

<u>Qualified Handicapped Person Defined</u>

A qualified handicapped person is a person capable of performing the essential functions of the position involved with reasonable accommodation.[7]

If you find that Ms. Cerra was not a qualified handicapped person and thus, was not capable of performing the essential functions of the passenger service agent position with a reasonable accommodation, then you must return a verdict in favor of American.

---

[7] G.L. c. 151B § 4(16)

**JURY INSTRUCTION NO. 10**

<u>Handicap, defined</u>

The term "handicap" means (a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment, …[8]

---

[8] G.L. c. 151B § 1(17)

## JURY INSTRUCTION NO. 11

<u>Prima Facie Case of Disability Discrimination</u>

"To establish a prima facie case of unlawful employment discrimination on the basis of handicap under G.L. c. 151B § 4(16), a plaintiff must present credible evidence that:

(1) [s]he is handicapped within the meaning of the statute;

(2) [s]he is qualified to perform the essential functions of the job with or without reasonable accommodation;

(3) [s]he was terminated or otherwise subject to an adverse action by [her] employer; and

(4) the position [s]he had occupied remained open and the employer sought to fill it."[9]

The plaintiff must establish every prong of the prima facie case. If, upon hearing the evidence, you find that the plaintiff has failed to establish each prong of a prima facie case of disability discrimination, you must return a verdict for American.

---

[9] *See Dartt v. Browning-Ferris Industries, Inc.,* 427 Mass. 1, 3, 691 N.E.2d 526, 528 (1993)

**JURY INSTRUCTION NO. 12**

<u>Statutory Definition, Qualified Handicapped Person</u>

The term "qualified handicapped person" means a handicapped person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap.[10]

---

[10] G.L. c. 151B § 1(16)

## JURY INSTRUCTION NO. 13

<u>Plaintiff Must Request a Reasonable Accommodation from Employer</u>

Once a qualified individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation … through a flexible, interactive process that involves both the employer and the qualified individual with a disability.[11]

If you find that Ms. Cerra did not request a reasonable accommodation from American, you must return a verdict in its favor.

---

[11] *Russell v. Cooley Dickinson Hospital, Inc.*, 437 Mass. 443, 457, 772 N.E.2d 1054, 1065 (2002) (quoting 29 C.F.R. § 1630 App. (2001)

## JURY INSTRUCTION NO. 14

Determination of Essential Functions

The employer's judgment as to which functions are essential is a factor to be considered, but it is not controlling and it is to be tested against other benchmarks such as the work experience of previous incumbents and the current "work experience of previous incumbents in the same or similar jobs."[12]

A determination that a function is essential " 'should be based upon more than statements in a job description and should reflect the actual functioning and circumstances of the particular enterprise involved' "[13]

If you find that Ms. Cerra was not capable of performing the essential functions of a passenger service agent, with or without an accommodation, you must return a verdict for American.

---

[12] *Smith v. Bell Atlantic,* 63 Mass.App.Ct. 702, 712, 829 N.E.2d 228, 239 (2005) (quoting *Labonte v. Hutchins & Wheeler,* 424 Mass. 813, 822, 678 N.E.2d 853, 860 (1997))

[13] *St. Laurent v. United Parcel Service, Inc.,* 416 F.Supp.2d 212, 221 (D. Mass. 2006) (quoting *Cox v. New England Tel. & Tel. Co.,* 414 Mass. 375, 384, 607 N.E.2d 1035, 1040 (1993)

JURY INSTRUCTION NO. 15

<u>Employer Not Obligated to Provide Reasonable Accommodation and Forgo Essential
Functions of Position</u>

It is well settled that an employer need not accommodate a disability by foregoing an essential function of the employment position. [14]

---

[14] *Laurin v. Providence Hospital,* 150 F.3d 52, 56 (1st Cir.1998)

# JURY INSTRUCTION NO. 16

Burden Shifting Analysis in Establishing Prima Facie Case of Disability Discrimination

In an employment discrimination case pursuant to G.L. c. 151B, the plaintiff has the initial burden of establishing a prima facie case.[15]

Once the plaintiff establishes a prima facie case of discrimination pursuant to G.L. c. 151B, the burden of production then shifts to the employer "to articulate a legitimate, nondiscriminatory reason for its action, and to produce credible evidence to show that the reason or reasons advanced were the real reasons."[16]

The plaintiff then bears the burden of proving that the asserted nondiscriminatory reason was a pretext.[17]

If you find that American's decision to terminate the plaintiff was based on legitimate, nondiscriminatory procedures pertaining to the maximum length of medical leave accorded an employee, and not on any intent to discriminate against her on the basis of her disability, you must return a verdict for American.

---

[15] *See Beal v. Board of Selectmen of Hingham,* 419 Mass. 535, 540, 646 N.E.2d 131, 136 (1988)
[16] *Beal,* 419 Mass. at 541, 646 N.E.2d. at 147 (citing *Sarni Original Dry Cleaners, Inc. v. Cooke,* 388 Mass. 611, 615, 447 N.E.2d 1228, 1231 (1983)
[17] *Beal,* 419 Mass. at 541, 646 N.E.2d at 137

**JURY INSTRUCTION NO. 17**

<u>Job Abandonment</u>

An employer may determine that an employee has abandoned his/her employment where the employee fails to return to work during the allotted time period.[18]

---

[18] *See Zappia v. Nynex Information Resources Company,* No. 90-11366-Y, 1993 WL 437676, at *1 (D.Mass. Oct. 22, 1993)

JURY INSTRUCTION NO. 18

<u>Use of Comparative Evidence</u>

Where, as here, the plaintiff in a disparate treatment … discrimination case offers comparative evidence in [her efforts] to raise an inference of … discrimination, [she] must provide a suitable [foundation] for the evidence by showing that others similarly situated to [her] in all relevant respects were treated differently by the employer. Reasonableness is the touchstone:  while the plaintiff's case and the comparison cases that [she] advances need not be perfect replicas, they must closely resemble one another [with] respect to relevant facts and circumstances.  The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the [co-employees] similarly situated.[19]

If you find that the comparator employees used by Ms. Cerra are not sufficiently similar to her circumstances, then you may disregard that evidence in reaching your verdict.

---

[19] *Conward v. Cambridge School Committee*, 171 F.3d 12, 20 (1st Cir.1999) (emphasis added)

## JURY INSTRUCTION NO. 19

<u>Employees' Statements Do Not Bind Employer Absent Employer's Acknowledgment of
Employee's Authority to Third Party</u>

Apparent authority is "created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him."[20]

---

[20] *Theos & Sons, Inc. v. Mack Trucks, Inc.,* 431 Mass. 736, 745 (2000)

**JURY INSTRUCTION NO. 20**

<u>Third Party Must Prove Employee's Authority to Make Statements that Bind Employer</u>

"A statement by an agent to a third person with whom he deals, as to the extent of his authority, is admissible in evidence as an operative fact creating apparent authority upon proof that the <u>agent</u> <u>was</u> <u>authorized</u> to make the statement."[21]

---

[21] *Id.* at 746 quoting Restatement (Second) of Agency § 27 comment c (1958) (emphasis added).

## JURY INSTRUCTION NO. 21

<u>Damages</u>

If you find that the plaintiff has proven, by a preponderance of the evidence, that the defendant unlawfully discriminated against her, then you must decide the amount of damages, if any, that will fairly compensate her. The purpose of an award of compensatory damages is to make the plaintiff whole for all the losses that she has suffered because of the defendant's unlawful discrimination. The plaintiff bears the burden of proof on damages.

Although uncertainty in the amount of damages does not bar recovery, and mathematical precision is not required, you must not speculate, conjecture or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the defendant unlawfully discriminated against the plaintiff, then you may award damages in the following four areas:

1.      back pay;

2.      front pay;

3.      emotional distress; and

4.      punitive damages.

**JURY INSTRUCTION NO. 22**

Damages, Plaintiff's Burden of Proof

The burden of proof is on the plaintiff to establish the extent, nature and duration of any damages she allegedly sustained. The plaintiff bears the burden of proving that each and every element of damage that she claims was causally related to American's actions.

**JURY INSTRUCTION NO. 23**

<u>Back Pay</u>

The plaintiff is entitled to back pay, which is the amount of the plaintiff's lost earnings from the date of the adverse employment decision until today. This includes all lost bonuses, employment benefits, and health insurance benefits that would have accumulated but for the defendant's discriminatory conduct. However, you should decrease this amount by any earnings and benefits received by the plaintiff from another employer or governmental entity since the date of the adverse employment action.

**JURY INSTRUCTION NO. 24**

<u>Front Pay</u>

If you find that the plaintiff suffered damages, you may award her front pay to compensate her for the loss of capacity to generate prospective earnings.[22]

---

[22] *Larch v. Mansfield Municipal Electric Department,* 272 F.3d 63, 74 (1st Cir.2001).

## JURY INSTRUCTION NO. 25

### Emotional Distress

You may award the plaintiff emotional distress damages if you find that she has established by a preponderance of the evidence that American's actions constituted "extreme and outrageous conduct, [were] without privilege and caused [the plaintiff] severe emotional distress . . ."[23]  Conduct is extreme and outrageous when it transgresses "all possible bounds of decency" and is "utterly intolerable in a civilized community."[24]

---

[23] *See Scott v. Macy's East, Inc.,* 2002 WL 31439745, 11 (D.Mass. 2002)
[24] *Id.*

**JURY INSTRUCTION NO. 26**

<u>Plaintiff's Duty to Mitigate Damages</u>

The plaintiff has a duty to mitigate [or lessen] her damages by seeking other employment.[25] "Mitigation is a concept requiring the victim [] to take reasonable steps to reduce the damages suffered … Mitigation is, therefore, a concept to be considered in calculating damages."[26]

---

[25] *See Conway v. Electro Switch Corp.,* 402 Mass. 385, 389, 523 N.E.2d 255, 257 (1988)
[26] *See Muniz v. Rovira,* 373 F.3d 1, 7 (1st Cir.2004)

**JURY INSTRUCTION NO. 27**

<u>Damages Must Be Reasonable</u>

If you find in favor of the plaintiff, the damages that you award must be reasonable. You may award only that amount of money as will reasonably compensate the plaintiff for her damages. In this regard, the plaintiff has the burden of proving that the damages she alleges or claims were sustained as a direct result of American's actions.

**JURY INSTRUCTION NO. 28**

<u>Damages – Good Conscience Rule</u>

I instruct you that, if you award any damages, you must predicate your award on the evidence.  No award of damages should be based on guess, speculation or conjecture. Then, after carefully considering all of the evidence in the case, you must make your award of damages, if any, based on what is fair and just, and what you, in good conscience, can award, fully considering the evidence which you have heard during the trial.

**JURY INSTRUCTION NO. 29**

<u>Interest</u>

If you award damages, you are not to include any amount for interest.  The law automatically provides for interest on any damages awarded, and such calculations are performed by the clerk or court and are not for the jury.  Therefore, you should not add interest to any sum of money that you may award to the plaintiff.

**JURY INSTRUCTION NO. 30**

<u>Taxation</u>

Any award of damages may be exempt by law from either federal or state income taxation, and therefore you may award only that amount of damages as will reasonably compensate the plaintiff should you first determine that she is entitled to a verdict. You are not to include in your damages calculations any adjustment with respect to federal or state taxes.[27]

---

[27] *See Norfolk and Western Railway Co. v. Liepelt*, 444 U.S. 490, 498, 100 S.Ct. 755 (1980)

**JURY INSTRUCTION NO. 31**

<u>Unanimity of Jury Verdict</u>

Your verdict must be unanimous.[28]

---

[28] *See* Fed.R.Civ.P. 48