UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
DOREEN CERRA,                       )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 04-12095 RGS
                                    )
AMERICAN AIRLINES, INC.,            )
                                    )
    Defendant.                      )
_____ )

### DEFENDANT AMERICAN AIRLINES, INC.'S
### MOTION IN LIMINE TO PROHIBIT TESTIMONY REGARDING
### OTHER EMPLOYEES.

The Defendant, American Airlines, Inc. ("American"), moves the Court *in limine* to preclude the Plaintiff, Doreen Cerra ("Ms. Cerra"), from introducing testimony or documents regarding American's treatment of other employees because: 1) such testimony would be devoid of materiality; specifically, Ms. Cerra has failed to establish that any other American employee was similarly situated in terms of performance, qualifications and conduct to Ms. Cerra; 2) at this juncture, any such contention would lack sufficient evidentiary foundation; and 3) any new assertions of comparability by Ms. Cerra at trial would deny American a full and fair opportunity to discovery with respect to the alleged comparator, which in turn makes any such testimony more prejudicial than probative.

### BASIC FACTS

Ms. Cerra is a former passenger service agent at American whose employment with American ended when she did not return to work from an injury on duty leave of absence within the period specified by American's company policy. Ms. Cerra suffered a

back injury at work in July of 1996 and took a leave of absence from her position in July 1996. Ms. Cerra began a second leave of absence in May 1997. Pursuant to American's policies in effect at all relevant times, American employees on leave of absence for medical reasons could take up to five years for rehabilitation and recovery. At the end of that period, if the employee had not received medical clearance to return to work, the employee would be administratively terminated.

During the course of her second leave of absence, Ms. Cerra began seeing a psychiatrist who prescribed medication for depression. In or about February 2001, Ms. Cerra received clearance from her orthopedist to return to work with no restrictions. At all relevant times, American's medical department ("AA Medical") was responsible for reviewing clearances, restrictions, and other medical records received from employees' treating physicians, and for clearing employees on leave of absence for return to work. After AA Medical received Ms. Cerra's return to work authorization from her orthopedist, AA Medical notified Ms. Cerra that she would need clearance to return to work from her treating psychiatrist as well. Approximately six months later, Ms. Cerra's psychiatrist provided a letter stating that Ms. Cerra was cleared to return to work without restrictions, the letter also disclosed certain prescription medications that Ms. Cerra was taking. AA Medical cleared Ms. Cerra to return to work with restrictions due to the prescription medication. In particular, AA Medical was concerned that the medication would preclude Ms. Cerra from operating or utilizing machinery safely, including the jetbridge and baggage belts, two of the essential functions of the passenger service agent.

Ms. Cerra testified she knew that her employment would end after her leave of absence reached five years and that there was an appeals process in place by which she

2

could challenge AA Medical's decision. Despite this knowledge, Ms. Cerra elected not to pursue the appeals process because she alleges that she did not receive a communication in writing from AA Medical denying her return to work status. In addition to deciding not to appeal, Ms. Cerra also did not request that American make any accommodations that would allow her to return to work.

Ms. Cerra alleges that American refused to reinstate her and failed to respond to her requests to return to work. She further alleges that American's conduct had no relationship to any legitimate business reason, but instead was designed to discriminate against her based on her disability. Ms. Cerra has neither alleged that she requested accommodation with respect to her claimed disability, nor has she alleged that American failed to honor her request for a reasonable accommodation. (See Amended Complaint, attached hereto as Exhibit A).

Despite the absence of any corresponding allegation in her Complaint, at deposition Ms. Cerra alleged a disparity in treatment between herself and other American employees. In particular, Ms. Cerra made several statements that are irrelevant and/or immaterial to the case at bar, and which American now seeks to suppress.[1]

> 1) Ms. Cerra testified that she told an American representative that "a lot of people are on an antidepressant and perform their job just fine." (Cerra Deposition Vol. 1, p. 46)
>
> 2) Ms. Cerra testified that a friend of hers who dealt with "bids" told her that "she didn't understand why some people could work and [she] couldn't." Further, Ms. Cerra testified that "[t]here was an employee there that had a psychiatric condition that [] continued to work there [] and when it was time to bid [] [s]he wasn't allowed to work down at the gates." (Cerra Deposition Vol.1, pp. 129-130)

---

[1] See portions of the transcript of the deposition of Doreen Cerra, attached hereto as Exhibit B.

3) Ms. Cerra testified that American employee, Ms. Vallee, was aware of other people being on medication that were still working at American and that there were other people at American working while on medication. (Cerra Deposition Vol..2,pp.184,237).

**ARGUMENT**

All statements pertaining to other American employees who allegedly worked while on medications, or American's purported accommodations directed toward any such employees should be suppressed because: 1) the testimony is not of employees proven to be similarly situated to her in terms of performance, qualifications and conduct; and 2) the evidence lacks sufficient evidentiary foundation.

**I.   Ms. Cerra's Evidence Does Not Meet Admissibility Standard for Comparator Employees.**

For evidence to be admissible, it must be relevant.  Fed.R Evid. 402.  Relevant evidence includes only that evidence which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401.  In addition, even if relevant, the evidence should be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice.." Fed.R.Evid. 403

In appellate decisions reviewing cases dismissed on summary judgment, there have been standards set to determine whether evidence of the actions of or treatment to other employees is relevant to the determination of the action. *See generally Matthews v. Ocean Spray Cranberries, Inc.*, 426 Mass. 122 (1997); *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir.1994).  For a comparison of employees "to be valid, the employees must be similar in terms of performance, qualifications, conduct and any other relevant characteristics or circumstances." *Bennett v. Saint Gobain Corp.*, 453 F.Supp.2d 314

4

(D.Mass. 2006)(Saylor, J.) *citing Matthews*, at 130.  Furthermore, the comparisons must be free of differentiating or mitigating circumstances that distinguish the situations. *Matthews*, at 132 *citing Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir.1994). Ms. Cerra offers both generic references to "people" generally at American who are working while on allegedly similar medications and she references one specific employee.

      A.     Generic References to Other American Employees Should be Excluded

The testimony relating to "people" generally or other American employees who are working while on antidepressants or other medication should be suppressed because Ms. Cerra does not have sufficient evidence to allow such comparisons to be relevant. When referring generally to employees working while on medication, Ms. Vallee, the AA employee, did not discuss the facts of any person with Ms. Cerra.  Further, Ms. Cerra is not aware of the employees who are working on medication, let alone the identity of those medications or the capacity in which those employees work.  (Cerra Deposition at 184-185, 238).

Anecdotal evidence of people with allegedly similar conditions who work for American Airlines falls significantly short of the standards set forth in *Bennett* and *Matthews* to demonstrate that she has evidence relevant to this case.  Because Ms. Cerra lacks personal knowledge about any of these individuals to lay a proper foundation which would comply with the requirements for comparator evidence to be relevant, it should be excluded.

B.     References to Specific Employee Should Be Excluded.

The only specific example that Ms. Cerra could testify to was an allegedly bipolar employee that continued to work at American without working "down at the gates." (Cerra Deposition at 129:17-23).  Ms. Cerra did not know the specific medication that this employee was on nor the length of time in which the employee was not able to work at the gates.  In essence, Ms. Cerra can testify only that she heard there is someone who worked for American in a similar position with a psychiatric condition who did not have to operate the jetbridge at the gate.  She cannot testify that the person ever took a medical leave of absence requiring AA Medical's clearance before the person could come back, whether the supervisor was even aware of the situation, or how long the accommodations were made (or whether they are still being made).  She also cannot testify as to what medications the person was taking, what side effects they caused, or even provide testimony other than vague generalizations beyond the one person for whom she has second-hand knowledge.

This type of testimony has not been considered relevant by the courts.  For example, in *Champagne v. Servistar Corp.*, the court held that it was not sufficiently relevant that there was testimony that other similarly situated employees falsified the same records as the plaintiff where it was undisputed that different managers decided to take action about the problem when it was brought to their attention.  138 F.3d 7 (1st Cir.1998).  In this case, there is no evidence that the American employee who had bipolar disorder took a medical leave of absence or was similarly subject to American's policies pertaining to the submission of medical records when returning to work following a medical leave of absence.  There is also no evidence that AA Medical ever received

notice of this employee's condition.  *See also Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15 (1st Cir.1999) (Plaintiff failed to establish a case for discrimination when he was comparing the actions taken against him to employees where the evaluations were done by different supervisors, covering a different period of time, and related to a different store.)  Because Ms. Cerra lacks sufficient knowledge about this individual to lay a proper foundation which would comply with the requirements for comparator evidence to be relevant, it should be excluded.

    C.    Conclusion

In addition, even if the Court were to consider this evidence as relevant, the Court should exclude the evidence as more prejudicial than probative. Fed.R.Evid. 403  The burden of establishing comparator status falls on Ms. Cerra.  If the Court allows Ms. Cerra to allege comparator status, absent the proper foundations as set forth *supra*, then there is a strong likelihood that a jury could infer an improper inference that it is American's burden to *disprove* that the employee was similarly situated.  In addition, *in limine* relief is necessary due to the stigma of raising the foundation objections during testimony.  As it is clear that Ms. Cerra cannot even elicit even colorable support for the comparator status of either generic employees or of the specific employee, it is proper for the Court to exclude the whole line of testimony *in limine* per Rule 403.

Therefore, as Ms. Cerra's testimony falls significantly short of the requirements to demonstrate that there are comparator employees disparately treated, the evidence should be ruled inadmissible.

**II.    Cerra's Testimony Lacks Sufficient Evidentiary Foundation.**

Ms. Cerra should be precluded from testifying about comparator employees because her testimony would not be based upon personal knowledge. Rather the information Ms. Cerra provides is hearsay as it comes either from a social friend who used to work on the job bidding process, (Cerra, deposition at 129), or without any substantiation as to how she discovered the information.

As it is not proper evidence to provide "merely 'sketchy evidence lacking sufficient foundation for a legally relevant comparison' of allegedly similarly situated employees" and as Ms. Cerra's testimony does not meet any exception to the hearsay rule, the testimony should be ruled inadmissible. *Matthews* at 131 fn6, *citing Smith*, at 17.

## CONCLUSION

Ms. Cerra cannot demonstrate the prerequisite facts sufficient to show that the evidence of other employees is significantly comparable to be relevant to a fact finder, the court should preclude the plaintiff from providing such testimony or allowing counsel to comment on such testimony during opening statements.

Respectfully submitted,
**AMERICAN AIRLINES, INC.,**
By its attorneys,

 _/s/ Amy Cashore Mariani_____
Amy Cashore Mariani, BBO #630160
Michael A. Fitzhugh, Esq., BBO#169700
**FITZHUGH & MARIANI LLP**
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 28, 2007.

                                             __/s/ Amy Cashore Mariani__
                                             Amy Cashore Mariani