COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:                                          SUPERIOR COURT

                                              DOCKET NO. 03-3386

---

DORCEEN CERRA,

        Plaintiff,

v.


AMERICAN AIR LINES & SHARON
DOUGLAS,


        Defendants.

---



## AMENDED COMPLAINT AND JURY CLAIM

I.    PARTIES


  1.   Doreen Cerra ("Cerra") resides at 6156 Newport Village Way,
       Lakeworth, Florida.

  2.   American Airlines ("American") is a corporation duly organized
       under the laws of the Commonwealth of Massachusetts with a
       usual place of business located at Logan International
       Airport, Terminal B, East Boston, Massachusetts.

  3.   Sharon Douglas ("Douglas") was at all material times the Human
       Resource Manager for American Airlines in the Boston Office.

II.   FACTS

  4.   Cerra was born on August 7, 1956.

  5.   Cerra was first employed by American on or about April 20,
       1974.

  6.   On or about April 20, 1976, Cerra was promoted to the position
       of Reservation Agent for American.

  7.   Sometime in 1978, Cerra became a ticketing agent for American.

  8.   In all of these positions, Cerra performed her
       responsibilities in a professional and competent manner.

9.   On or about July 18, 1996, Cerra injured her lower back while lifting luggage at her place of employment and was out of work for several weeks.

10.  In September of 1996, Cerra returned to work at American.

11.  In October of 1997, Cerra was assigned to a position in accounting because of continuing problems with her back.

12.  Cerra's medical condition became such that she was forced out of work and applied for workers' compensation benefits in Massachusetts on or about July 1997.

13.  During this period of time, Cerra became depressed about her medical condition and her inability to work and her application for workers' compensation benefits included a psychological disability benefit.

14.  Cerra was granted workers' compensation benefits on or about May 29, 1998.

15.  These benefits continued through March of 1999, when Cerra and American agreed to a lump sum settlement. Thereinafter, Cerra was placed on a medical leave by American.

16.  Cerra is handicapped for the purposes of G.L. c. 151b in accordance with G.L. c. 152 §75B.

17.  On or about July 25, 2001, Cerra received clearance to return to work by her treating physician.

18.  On or about that same date, Cerra's treating physician notified American that Cerra was cleared to work without restrictions. (See Attachment 1.)

19.  Cerra made repeated efforts through American's Boston office to secure re-employment. All of these efforts failed.

20.  Cerra was in contact with Douglas on many occasions and all of her efforts to secure re-employment through Douglas failed.

21.  To date, American has refused to rehire Cerra nor have they responded to any of her requests to return to work.

COUNT I
(Handicap Discrimination)

22.  Cerra reiterates the allegations contained in paragraphs 1 through 21.

2

23. Cerra believes, and therefore avers, that American has refused to return her to work not for any legitimate business reason but because of a perceived handicap.

WHEREFORE, Cerra demands judgment as follows

A.    That Cerra be reinstated to her former position with the Defendant and that she be awarded full back pay.

B.    That damages be assessed against the Defendant for emotional stress suffered as a result of the wrongful refusal to return her to employment.

C.    That the Defendant be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with G.L. c. 151(B).

## COUNT II
### (Age Discrimination)

24.    Cerra reiterates the allegations contained in paragraphs 1 through 23 of the Complaint.

25.    Cerra believes, and therefore avers, that an individual younger than herself has replaced her.

26.    Cerra believes, and therefore avers, that the refusal to reinstate her has not been made for any legitimate reason but because of her age.

WHEREFORE, Cerra demands judgment as follows

A.    That Cerra be reinstated to her former position with the Defendant and that he be awarded full back pay.

B.    That damages be assessed against the Defendant for emotional stress suffered as a result of the wrongful refusal to return her to employment.

C.    That the Defendant be ordered to pay all reasonable attorney's fees plus costs of this action in accordance with M.G.L. 151(B.

3

## JURY DEMAND

The Plaintiff demands trial by jury on all issues so triable.

The Plaintiff
By her attorney,

James R. Tewhey
BBO# 634810
230 Broadway, Suite 104
Lynnfield, MA   01940
781-477-0489

Dated:  10/10/03